Scott L Nielson (CA State Bar No. 262169)
**Law office of Scott L Nielson**
1106 Second Street, Ste 550
Encinitas, CA 92024
Telephone: (760) 334-8350
Email: esq@scottnielson.com

Pro Hac Vice Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CURATIVE CONNECTIONS, LLC, a New Jersey Limited Liability Company, | Case No. |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| CURATIVE CONNECTIONS, INC., a Wisconsin based Corporation | **COMPLAINT FOR:** |
| Defendant. | 1) **FEDERAL FALSE DESIGNATION OF ORIGIN;** <br> 2) **FEDERAL TRADEMARK INFRINGEMENT;** <br> 3) **COMMON LAW TRADEMARK INFRINGEMENT;** <br> 4) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;** <br> 5) **UNJUST ENRICHMENT;** <br> 6) **WISCONSIN STATE UNFAIR COMPETITION (§100.20);** <br> 7) **WISCONSIN TRADEMARK INFRINGEMENT.** |

For its claims against Defendants, Plaintiff CURATIVE CONNECTIONS, LLC ("Plaintiff" or "Curative Connections") alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action to enjoin and remedy: Lanham Act Violations of trade mark infringement, false designation, false advertising under 15 U.S.C. §1125(a); common law and

state trademark infringement violations, interference with prospective advantage, unfair competition, and unjust enrichment.

2.      This action arises out of Defendant's past and continuous injurious conduct towards Plaintiff.  By this action, Plaintiff seeks to permanently put a stop to Defendant's illegal conduct based in trademark infringement and obtain compensation for the violations that have occurred thus far.

## THE PARTIES

3.      At all relevant times, CURATIVE CONNECTIONS, LLC, was and is a lawfully organized Limited Liability Company in the state of New Jersey; operating with a principal place of business in North Carolina.

4.      Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant CURATIVE CONNECTIONS, INC ("CCI"), was and is a Wisconsin Corporation with a principal place of business in Green Bay, in the State of Wisconsin.

## JURISDICTION AND VENUE

5.      Jurisdiction and venue are proper in this Court, because at all relevant times, the Defendants does and/or did substantial business within the Eastern District, in the state of Wisconsin.  Plaintiff's claims arise under Federal Trademark Law and the Laws of the State of Wisconsin.

6.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents, copyrights, or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction); and 28 U.S.C. § 1367 (supplemental jurisdiction).

7.     This Court has personal jurisdiction over Defendant's because Defendant's have committed and continues to commit acts of infringement in violation of 15 U.S.C. §§ 1114 and 1125, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold within the United States, in the State of Wisconsin, including in this District.  The acts by Defendant's have caused injury and continue to injure Plaintiff within this District.

8.     Upon information and belief, Defendant's derive substantial revenue from the sale of infringing products and services within this District, expects its actions to have consequences within this District, and derives substantial revenue from interstate commerce.

9.     This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and all parties reside or their principal headquarters are within different states.

## GENERAL ALLEGATIONS

10.    Curative Connections entered the U.S. mental health counseling industry in 2010 by embracing innovative service concepts, catchy advertising, and straight forward marketing methods designed to expose clients to its unique mental health related services.

11.    Since 2010, Curative Connections has expended tremendous effort to meet with vendors, suppliers, other third parties to ensure that its services meet exacting standards of quality and meet clients' expectations.

12.    Curative Connections has invested substantial effort to engage with existing and prospective clients to deliver counseling, consulting and mentoring services that meet clients' expectations.  Including the quality of its mental health service generally, design of the service supporting materials, speed of delivery of services and reliable client support.

13. By following this approach, Curative Connections' business has grown into a thriving business that provides clients Curative Connections' services. Curative Connections' services are delivered through several commercial channels which include referrals, one-on-one engagements, its own website, telephone support, podcasting, and other e-commerce channels.

14. Curative Connections' marketing and advertising channels are well established and its trademarks have become somewhat famous and easily recognizable.

15. From its inception, Curative Connections' services and branding reflect unmistakable features throughout its marketing and advertising. These features have been used consistently throughout the course of Curative Connections' business operations.

16. Curative Connections has several different branded services related to mental health counseling, mentoring and consulting. While each branded service in Curative Connections' portfolio is unique in its presentation with the related services, the Curative Connections trademark presents an innovative and memorable service approach, combined with well-known quality that Curative Connections has become known for; resulting in an exciting combination of desirable services that clients want.

17. Curative Connections deliberatively and carefully recognized creative achievements resulting in broad intellectual property protection, including trademark registrations to protect its innovative branding and trademark rights.

18. After hard years of meticulous effort to build goodwill, trust and expose consumers to the quality services that Curative Connections has to offer, Curative Connections' competitors in the marketplace have attempted to capitalize on Curative Connections' effort by imitating Curative Connections' innovative, elegant and distinctive branding and trademark. In this case, CCI, intentionally and willfully copied Curative Connections trademark by renaming their

business, publishing a website at curativeconnections.org and updating their support material to pass off their services based upon Curative Connections' trademarked services.

19. By registering and using the curativeconnections.org domain name, CCI knew or should have known that Curative Connections owned the trademark for CURATIVE CONNECTIONS and with that knowledge CCI proceeded to register the domain and use the CURATIVE CONNECTIONS trademark without permission.

20. Curative Connections is the owner of the Incontestable Standard Character CURATIVE CONNECTIONS U.S. Federal Trademark as further described in Registration No. 5,405,571 (see attached Exhibit 1) at the U.S. Patent and Trademark Office. Curative Connections adopted and commenced use of the CURATIVE CONNECTIONS mark at least as early as October 9, 2010, in connection with Class 44 services including "Consulting services in the field of health; Consulting services in the field of mental fitness; Counseling in the field of mental health and wellness; Clinical mental health counseling services; Energy healing services, namely, stress management and stress reduction counseling for individuals to enhance their lives; Mental health counseling and psychotherapy as it relates to relationships; Providing information in the field of psychological counseling and treatment; Psychological counseling; Psychological counseling in the field of sports; Psychological counseling in the field of education; Psychological counseling in the field of trauma; Psychological counseling in the field of psychosocial development; Psychological counseling in the field of life transitions; Psychological counseling services in the field of sports; Psychotherapy and psychotherapy counseling for children and adults in individual and family sessions; Wellness and health-related consulting services."

21. The CURATIVE CONNECTIONS trademark is incontestable and entitled to the

protections under 15 U.S.C. § 1115(b).

22. The CURATIVE CONNECTIONS trademark is inherently distinctive as applied to its Services. By virtue of Curative Connections' continuous use in commerce of its trademark in connection with its Services, Curative Connections' mark has become well and favorably known to the relevant trade and public. Curative Connections has invested substantial time, effort and expense in extensive promotion throughout the United State of the Services sold under its CURATIVE CONNECTIONS mark. As a result, considerable goodwill has attached to the CURATIVE CONNECTIONS mark to Curative Connections' benefit. The CURATIVE CONNECTIONS mark is representative of Curative Connections' reputation for designing and providing high quality Services and symbolizes the goodwill of Curative Connections, which is invaluable.

23. As alleged below, CCI has made, marketing and advertised confusingly similar or essentially identical services, in many cases copying Curative Connections' prominent trademark(s) in their entirety with no indication of Curative Connections rights or any affiliation (or lack thereof) resulting in widespread copyright, trademark and trade dress infringement.

24. CCI has caused and continues to cause confusion with Curative Connections' CURATIVE CONNECTIONS trademark brand in several ways including:

a. Copying the entirety of the CURATIVE CONNECTIONS standard character trademark on its URL and use of the business name CCI.

b. Placing identical or confusingly similar services into streams of commerce within the United States through a website offering, advertising, marketing, promotion, affiliate marketing or other commercial means.

c. Selling the identical or confusingly similar services within the United States in

direct competition with Curative Connections.

    d.   Causing confusion in the U.S. marketplace between existing and prospective clients that desired Curative Connections' services based upon its CURATIVE CONNECTIONS trademark and branding.

25.    Defendant CCI caused and continues to cause confusion with Curative Connections' CURATIVE CONNECTIONS trademark by misusing, or using without Curative Connections' permission substantially all of Curative Connections' trademark as it relates to the mental health services claimed above.

## CCI MARKETPLACE CONDUCT

26.    For the purposes of the Complaint, all references to a "marketplace" are limited to or only include the United States commerce and consumers within the United States.

27.    The marketplace is in the stream of commerce within the United States.

28.    Defendant has used or continues to use the marketplace to sell infringing services. This includes activities that are conducted over the internet as well as more traditional mental health type service activities involving physical locations and one-on-one interactions with clients.

29.    Curative Connections has demanded that CCI cease and desist from the use of Curative Connections trademarks and other intellectual property rights.

30.    For the purposes of this Complaint, CCI's marketplace interactions may operate in a several different fashions; all of which have an end result of a transaction involving Curative Connections' trademark branded services and a consumer; however, the transaction is not with Curative Connections for its branded services, nor is it authorized by Curative Connections. The most common marketplace interaction takes on the appearance of directed marketing at potential

consumers by using an internet website where CCI markets and advertises a digital representation of the offending services. CCI also provides a variety of mental health related services to potential consumers, all branded and provided for under the CURATIVE CONNECTIONS trademark.

31.    Another apparent major method of marketing and advertising appears to be directed at either individuals directly or directed to government contracting agencies that are responsible for providing care/supervision for mentally vulnerable or needy consumers.

32.    Defendant uses the internet in such a manner as to capitalize on confusion or infringement of Curative Connections' trademarked services. This behavior can present in several ways (not necessarily exclusive of each other), including: that CCI has their own website or URL, they can create a virtual online location to market/advertise confusingly similar services, provide those services and transact with confusingly similar services with a consumer.

33.    Recently, CCI has elevated their infringing activities by displacing Curative Connections in various online search engines, where CCI now appears as the first result in search engine results when searching for "Curative Connections" rather than Curative Connections being the first search result.

34.    The public information regarding registered trademark ownership is publicly available to the defendant through the United States Patent and Trademark Office.

35.    Defendant is in control of and responsible for all aspects of any given service transaction conducted on their internet website, including:

    a.   Control of the process for listing infringing service offerings.

    b.   Use of Curative Connections' trademarks.

    c.   Making representations about Curative Connections' services or otherwise

describing their service offering.

  d. Promoting or advertising the Curative Connections trademarked services within the marketplace.

  e. Consummating a transaction, without authorization, of Curative Connections' trademarked services.

36. As it relates to Curative Connections, after Curative Connections' continuous efforts to build brand recognition and reputation, CCI willfully decided to pass-off, knock-off, copy, infringe or counterfeit Curative Connections' trademarked service offerings and sell them in the United States marketplace.

37. CCI does not have a federal registered CURATIVE CONNECTIONS trademark on file with the U.S. Patent and Trademark Office.

38. Without investing any of the resources or innovation required in developing a strong brand identity and intellectual property portfolio, the defendant reaped substantially all the benefits of Curative Connections' investment and goodwill in the market, by unlawfully using Curative Connections' trademarks on similar or essentially identical services.

39. Defendant's use of Curative Connections' trademark that infringe Curative Connections' trademark rights has and is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into thinking that the CCI's services are Curative Connections' services, or that they are sponsored by or affiliated with Curative Connections, when they are not.

40. Curative Connections' goodwill among consumers is closely tied to its position as quality provider of uniquely valuable mental health services. The Defendant's flagrant, willful and relentless copying of Curative Connections' intellectual property rights in its mental health

services not only allows the Defendant to benefit from Curative Connections' investment, but it also threatens to diminish the very important goodwill that Curative Connections has cultivated with its services. The value of such goodwill is evident in part in the success that resulted from Defendant's wrongful and illegal appropriation after copying Curative Connections' trademark in whole. Essentially, CCI has made a fortune at Curative Connections' expense, by operating in parallel a business providing similar or identical services.

41. Defendant does not follow Curative Connections' quality control standards, meaning their confusingly infringing conduct damages Curative Connections' trademark in ways that are hard to calculate because of potential quality of the service being less than what clients and prospective clients have come to expect.

42. Defendant's success in copying Curative Connections' branding, trademarks and trade dress has caused immeasurable injury to Curative Connections.

43. Defendant's success in infringing Curative Connections' brands and trademarks has also caused or will cause harm or injury to Curative Connections' clients as described herein.

44. Defendant intentionally chose to infringe Curative Connections' trademark rights through the use, selection and promotion of its mental health services using the CURATIVE CONNECTIONS trademark name, and it did so willfully to trade upon the goodwill that Curative Connections has developed in connection with its high-quality branded services.

45. Curative Connections is informed and believes that the Defendant began misusing, promoting, selling, and marketing its infringing and copycat services within the United States after Curative Connections' first use of the CURATIVE CONNECTIONS trademark, by virtue of its business name change recorded in 2015.

## FIRST CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN

## (Lanham Act Section 43(a), 15 U.S.C. §1125(a))

46.     Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

47.     Defendant's actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48.     Defendant knew or constructively knew of Curative Connections' CURATIVE CONNECTIONS trademark when it created or offered its similarly related or identical services into the U.S. marketplace, and has refused to change its use in response to Curative Connections' requests and demands.  Accordingly, Defendant's infringement has been and continues to be intentional, willful and without regard to Curative Connections' trademark rights.

49.     As a direct and proximate result of Defendant's unlawful acts and practices, including those set forth above, Defendant's has caused, is causing, and unless immediately enjoined by this Court, will continue to cause immediate and irreparable harm to Curative Connections, for which there is no adequate remedy at law, and for which it is entitled to injunctive relief.

50.     Curative Connections is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the Curative Connections trademarks.

51.     Curative Connections also has sustained damages as a direct and proximate result of Defendant's infringement of the Curative Connections trademarks in an amount to be proven at trial.

52.     Because Defendant's actions have been willful, Curative Connections is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §1114)

53.     Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

54.     Curative Connections owns multiple federal trademark registrations for the distinctive naming of several of its service offerings.   However, the CURATIVE CONNECTIONS trademark is the cornerstone of Plaintiff's rights and is a standard character incontestable federally registered trademark, providing nationwide trademark protection to Curative Connections.

55.     CCI has used in commerce an identical reproduction of the CURATIVE CONNECTIONS trademark on services that are identical or similarly related to Curative Connections claimed and protects services where such use by CCI is likely to cause confusion, mistake or deceive consumers in the U.S. marketplace generally and Wisconsin specifically.

56.     CCI's service offerings have infringed the CURATIVE CONNECTIONS trademark by using identical trademark brand names in Defendant's service offerings, website or throughout the marketplace.

57.     Curative Connections has demanded that CCI cease and desist from using the CURATIVE CONNECTIONS trademark in any fashion, for its identical or confusingly similar services.

58.     Defendant's use of its infringing service is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of CCI with Curative Connections, or as to the origin, sponsorship, or approval by Curative Connections of CCI's goods, services or commercial activities.

59.     CCI's use of the infringing services enables CCI to benefit unfairly from Curative Connections' reputation and success, thereby giving CCI's infringing service sales and commercial value they would not have otherwise.

60.     Before CCI's first use of the infringing services, CCI was aware of Curative Connections' business and had either actual notice and knowledge, or constructive notice of, Curative Connections' registered trademark.

61.     CCI's unauthorized use of the infringing services is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of CCI's products and/or to cause confusion or mistake as to any affiliation, connection or association between Curative Connections and CCI, in violation of 15 U.S.C. § 1114(a).

62.     Curative Connections is informed and believes, and on that basis alleges, that CCI's infringement of Curative Connections' registered trademark as described herein has been and continues to be intentional, willful and without regard to Curative Connections' rights.

63.     Curative Connections is informed and believes, and on that basis alleges, that CCI has gained profits by virtue of its infringement of Curative Connections' registered trademark.

64.     Curative Connections will suffer and is suffering irreparable harm from CCI's infringement of the CURATIVE CONNECTIONS trademark insofar as continuing infringement is eroding Curative Connections' invaluable goodwill.

65.     Curative Connections has no adequate remedy at law to compensate it for the loss

of business reputation, clients, market position, confusion of potential clients and goodwill flowing from CCI's infringing activities. Pursuant to 15 U.S.C. § 1116, Curative Connections is entitled to an injunction against Defendant's continuing infringement of Curative Connections' registered trademark. Unless enjoined, Defendant's will continue its infringing conduct.

66.     Because Defendant's actions have been committed with intent to damage Curative Connections and to confuse and deceive the public, Curative Connections is entitled to treble its actual damages or CCI's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

## THIRD CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT

67.     Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

68.     Curative Connections has prior rights in Curative Connections' registered trademarks and other unregistered marks, including CURATIVE CONNECTIONS, by virtue of use starting in October of 2010.

69.     CCI's service offering has infringed Curative Connections' registered trademarks and unregistered common law trademark rights by using identical or similar trademarks in CCI's services.

70.     CCI's use of its infringing naming convention is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of CCI with Curative Connections, or as to the origin, sponsorship, or approval by Curative Connections of CCI's goods, services or commercial activities.

71.     CCI's use of the infringing services enables CCI to benefit unfairly from Curative Connections' reputation and success, thereby giving CCI's infringing services commercial value they would not have otherwise.

72.     Prior to CCI's first use of the infringing materials, CCI was aware of Curative Connections' business and had either actual notice and knowledge, or constructive notice of Curative Connections' trademarks and other unregistered marks.

73.     CCI's unauthorized use of the infringing services is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of CCI's services and/or to cause confusion or mistake as to any affiliation, connection or association between Curative Connections and Defendant's.

74.     Curative Connections is informed and believes, and on that basis alleges, that CCI's infringement of Curative Connections' registered trademarks and unregistered marks, as described herein, has been and continues to be intentional, willful and without regard to Curative Connections' rights in its trademarks and common law marks.

75.     Curative Connections is informed and believes, and on that basis alleges, that CCI has gained profits by virtue of its infringement of Curative Connections' registered trademarks and unregistered common law marks.

76.     Curative Connections will suffer and is suffering irreparable harm from CCI's infringement of Curative Connections' registered trademarks and unregistered common law marks insofar as CCI's continuing infringement is eroding Curative Connections' invaluable goodwill.  Curative Connections has no adequate remedy at law to compensate it for the loss of business reputation, clients, market position, confusion of potential clients and goodwill flowing from the CCI's infringing activities.

77. Curative Connections is entitled to an injunction against Defendant's continuing infringement of Curative Connections' registered trademarks and unregistered common law marks. Unless enjoined, Defendant's will continue its infringing conduct.

78. Because CCI's actions have been committed with intent to damage Curative Connections and to confuse and deceive the public, Curative Connections is entitled to treble its actual damages or CCI's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

## FOURTH CAUSE OF ACTION

### Intentional Interference With Prospective Advantage

79. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

80. Defendant knew of or should have known of Plaintiff's ongoing business relationships and knew of Plaintiff's marketing efforts directed to potential clients interested in Curative Connections' services. Defendants further knew of Plaintiff's previous marketing of other similar services.

81. Because of defendant's misconduct involving the marketplace, defendant intentionally interfered with plaintiff's prospective economic advantage from ongoing relationships and marketing efforts associated with Curative Connections' trademarked services.

82. Defendant facilitated unfair competitive conduct by encouraging false designation infringement, trademark infringement, passing-off or unfair competition, resulting in Defendant's intentional interference with Curative Connections' prospective economic advantage from existing and ongoing relationships and marketing efforts associated with Curative Connections' services.

83. As a direct result of defendants' actions and omissions, plaintiff has been damaged in an amount according to proof at trial.

84. Defendants' actions were undertaken with fraud, malice or oppression, or with a conscious disregard of the rights of plaintiff, and, therefore, plaintiff is entitled to an award of exemplary and punitive damages against defendant, in an amount according to proof.

85. Curative Connections will suffer and is suffering irreparable harm from Defendant's intentional interference with Curative Connections' prospective advantage as it relates to Curative Connections' registered trademarks and services insofar as Defendant's continuing misconduct is eroding Curative Connections' invaluable goodwill. Curative Connections has no adequate remedy at law to compensate it for the loss of business reputation, clients, market position, confusion of potential clients and goodwill flowing from the Defendant's misconduct.

86. Curative Connections is entitled to an injunction against Defendant's continuing interference with Curative Connections' prospective advantage. Unless enjoined, Defendant's will continue its infringing conduct

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT

87. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

88. Defendant through their wrongful conduct as described in this Complaint, has reaped substantial profits from the monies paid to them, belonging to plaintiff, and in so doing has caused plaintiff, to suffer substantial monetary losses, as well as emotional stress, reputational injury and property injury, all of which damages and costs were not only foreseeable

but were the intended consequences of defendant's actions.

89.     As a result, Defendant has been unjustly enriched.

90.     Based on the facts as alleged herein and as proven at trial, in equity and good conscience, it would be unconscionable and otherwise unjust for defendant to enrich itself at the expense of plaintiff.

91.     Curative Connections seeks an accounting and disgorgement of all ill-gotten gains and profits resulting from the Defendants inequitable activities.

92.     As a proximate result of the unlawful conduct of defendant as herein alleged, plaintiff has incurred damages to be proven at trial, in at least the sum in excess of the jurisdictional amount of this Court, plus attorney's fees and costs, and additional amounts according to proof at time of trial, including interest, attorneys' fees and costs.

<u>SIXTH CAUSE OF ACTION</u>

**UNFAIR BUSINESS PRACTICES**

**(Violation of § 100.20 *et seq* of the Wisconsin Code)**

93.     Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

94.     The business practice of defendant is unlawful and fraudulent and violates the law as alleged herein.   Further, defendant, knew that their business practice was unlawful and fraudulent.

95.     Pursuant to Sections 100.20 et seq. of the Wisconsin Statute, unfair business practices include any unlawful, unfair or fraudulent business practice.   The fraudulent and unlawful conduct of defendant as alleged herein is an unlawful and fraudulent practice within the provisions of Sections 100.20 et seq. of the Wisconsin Code, and, accordingly, constitutes a

violation of Sections 100.20 et seq. of the Wisconsin Code.

96. The acts of Defendant described above constitute fraudulent and unlawful business practices as defined by Wisconsin Code § 100.20, et seq.

97. Curative Connections has valid and protectable prior rights in the Curative Connections registered trademark. The Curative Connections trademarks are inherently distinctive, and, through Curative Connections' long use, has come to be associated solely with Curative Connections as the source of the services on which it is used.

98. Defendant's use of Curative Connections registered trademark is likely to cause confusion as to the source of Defendant's service and is likely to cause others to be confused or mistaken into believing that there is a relationship between Defendant's and Curative Connections or that Defendant's services are affiliated with or sponsored by Curative Connections.

99. The above-described acts and practices by Defendant's are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of Wisconsin Code § 100.20, et seq.

100. The above-described acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of Wisconsin Code § 100.20, et seq.

101. Defendant acted willfully and intentionally in use of infringing trademarks, with full knowledge of Curative Connections' prior rights in the distinctive Curative Connections registered trademarks, its common law trademarks, and with an intent to cause confusion or mistake or to deceive clients into believing that there is an affiliation between Defendant's and

Curative Connections or between Defendant's services and Curative Connections' services.

102.    The unlawful and fraudulent business practices of Defendant's described above present a continuing threat to, and is meant to deceive members of, the public in that Defendant desires to promote its services by wrongfully trading on the goodwill of the Curative Connections trademark rights.

103.    As a direct and proximate result of these acts, Defendant has received, and will continue to profit from, the strength of the Curative Connections trademarks.

104.    As a direct and proximate result of Defendant's wrongful conduct, Curative Connections has been injured in fact and has lost money and profits, and such harm will continue unless Defendant acts are enjoined by the Court.

105.    Curative Connections has no adequate remedy at law for Defendant's continuing violation of Curative Connections' rights.

106.    Defendant should be required to restore to Curative Connections any and all profits earned as a result of their unlawful and fraudulent actions, or provide Curative Connections with any other restitutionary relief as the Court deems appropriate.

## SEVENTH CAUSE OF ACTION

### WISCONSIN TRADEMARK INFRINGEMENT

107.    Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

108.    Curative Connections has prior rights in the CURATIVE CONNECTIONS registered and unregistered trademark, by virtue of using the trademark and promoting/advertising the same to the entire U.S. marketplace starting in October of 2010.

109.    CCI's service offering has infringed Curative Connections' registered trademarks

and unregistered trademark rights by using identical or similar trademarks in CCI's services.

110. CCI's use of its infringing naming convention is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of CCI with Curative Connections, or as to the origin, sponsorship, or approval by Curative Connections of CCI's goods, services or commercial activities.

111. CCI's use of the infringing services enables CCI to benefit unfairly from Curative Connections' reputation and success, thereby giving CCI's infringing services commercial value they would not have otherwise.

112. Prior to CCI's first use of the infringing materials, CCI was aware of Curative Connections' business and had either actual notice and knowledge, or constructive notice of Curative Connections' trademarks and other unregistered marks.

113. CCI's unauthorized use of the infringing services is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of CCI's services and/or to cause confusion or mistake as to any affiliation, connection or association between Curative Connections and Defendant's.

114. Curative Connections is informed and believes, and on that basis alleges, that CCI's infringement of Curative Connections' registered trademarks and unregistered marks, as described herein, has been and continues to be intentional, willful and without regard to Curative Connections' rights in its trademarks and common law marks.

115. Curative Connections is informed and believes, and on that basis alleges, that CCI has gained profits by virtue of its infringement of Curative Connections' registered trademarks and unregistered common law marks.

116. Curative Connections will suffer and is suffering irreparable harm from CCI's

infringement of Curative Connections' registered trademarks and unregistered common law marks insofar as CCI's continuing infringement is eroding Curative Connections' invaluable goodwill. Curative Connections has no adequate remedy at law to compensate it for the loss of business reputation, clients, market position, confusion of potential clients and goodwill flowing from the CCI's infringing activities.

117.    Curative Connections is entitled to an injunction against Defendant's continuing infringement of Curative Connections' registered trademarks and unregistered common law marks. Unless enjoined, Defendant's will continue its infringing conduct.

118.    Because CCI's actions have been committed with intent to damage Curative Connections and to confuse and deceive the public, Curative Connections is entitled to treble its actual damages or CCI's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment against defendant, as more fully set forth below.

1.  A judgment that Defendant has infringed one or more of Curative Connections' trademarks;

2.  An order preliminarily and permanently enjoining Defendant and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the Curative Connections registered trademarks, unregistered common law trademarks, or using any other product or designations similar to or likely to cause confusion with the Curative Connections registered trademarks, and unregistered common

law trademarks; from passing off Defendant's services as being associated with and or sponsored or affiliated with Curative Connections; from committing any other unfair business practices directed toward obtaining for themselves the business and clients of Curative Connections; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Curative Connections.

3. Actual damages suffered by Curative Connections as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

4. Reasonable funds for future corrective advertising;

5. An accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

6. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

7. Punitive damages pursuant to Wisconsin Civil Code §895.043;

8. Restitutionary relief against Defendants and in favor of Curative Connections, including disgorgement of wrongfully obtained profits and any other appropriate relief;

9. Costs of suit and reasonable attorneys' fees, including, but not limited to, a finding that this case is exceptional and awarding attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

10. Any other remedy to which Curative Connections may be entitled, including all remedies provided for in 15 U.S.C. § 1117 and under any other Wisconsin law.

Dated: November 14, 2025          By:  /Scott L Nielson/

_____
Scott L Nielson
Attorney for Plaintiff
CURATIVE CONNECTIONS, LLC

# **EXHIBIT 1**

# United States of America

## United States Patent and Trademark Office

# Curative Connections

**Reg. No. 5,405,571**

**Registered Feb. 20, 2018**

**Int. Cl.: 44**

**Service Mark**

**Principal Register**

Curative Connections LLC (NEW JERSEY LIMITED LIABILITY COMPANY)
2705 Elk Knob Trail
Apex, NORTH CAROLINA 27502

CLASS 44: Consulting services in the field of health; Consulting services in the field of mental fitness; Counseling in the field of mental health and wellness; Clinical mental health counseling services; Energy healing services, namely, stress management and stress reduction counseling for individuals to enhance their lives; Mental health counseling and psychotherapy as it relates to relationships; Providing information in the field of psychological counseling and treatment; Psychological counseling; Psychological counseling in the field of sports; Psychological counseling in the field of education; Psychological counseling in the field of trauma; Psychological counseling in the field of psychosocial development; Psychological counseling in the field of life transitions; Psychological counseling services in the field of sports; Psychotherapy and psychotherapy counseling for children and adults in individual and family sessions; Wellness and health-related consulting services

FIRST USE 10-9-2010; IN COMMERCE 10-9-2010

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-483,723, FILED 06-11-2017

Director of the United States
Patent and Trademark Office

# REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

## WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years\***
**What and When to File:**

- ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.