UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

CURATIVE CONNECTIONS, LLC,

Plaintiff,

v.

CURATIVE CONNECTIONS, INC.,

Defendant.

Case No. 25-CV-1784

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Curative Connections, Inc., by and through its attorneys, Godfrey & Kahn, S.C., submits the following Answer and Affirmative Defenses to the Complaint. Curative Connections, Inc. denies each and every allegation or statement contained in the Complaint unless specifically admitted herein.

## **ANSWER**

### **NATURE OF THE ACTION**

1. This is a civil action to enjoin and remedy: Lanham Act Violations of trademark infringement, false designation, false advertising under 15 U.S.C. §1125(a); common law and state trademark infringement violations, interference with prospective advantage, unfair competition, and unjust enrichment.

**RESPONSE:** Curative Connections, Inc. admits Plaintiff seeks this relief but denies that Plaintiff is entitled to such relief.

2. This action arises out of Defendant's past and continuous injurious conduct towards Plaintiff. By this action, Plaintiff seeks to permanently put a stop to Defendant's illegal conduct based in trademark infringement and obtain compensation for the violations that have occurred thus far.

**RESPONSE:** Curative Connections, Inc. denies it has engaged in "injurious" or "illegal" conduct. Curative Connections, Inc. admits Plaintiff seeks this relief but denies that Plaintiff is entitled to such relief.

## PARTIES

3. At all relevant times, CURATIVE CONNECTIONS, LLC, was and is a lawfully organized Limited Liability Company in the state of New Jersey; operating with a principal place of business in North Carolina.

**RESPONSE:** Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Plaintiff is informed and believes, and based upon thereon alleges, that at all relevant times, Defendant CURATIVE CONNECTIONS, INC. ("CCI"), was and is a Wisconsin Corporation with a principal place of business in Green Bay, in the State of Wisconsin.

**RESPONSE:** Curative Connections, Inc. admits the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION & VENUE

5. Jurisdiction and venue are proper in this Court, because at all relevant times, the Defendants does and/or did substantial business within the Eastern District, in the state of Wisconsin. Plaintiff's claims arise under Federal Trademark Law and the Laws of the State of Wisconsin.

**RESPONSE:** The allegations of Paragraph 5 of the Complaint are conclusions of law to which no response is required.

6. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents, copyrights, or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction); and 28 U.S.C. § 1367 (supplemental jurisdiction).

**RESPONSE:** The allegations of Paragraph 6 of the Complaint are conclusions of law to which no response is required.

7. This Court has personal jurisdiction over Defendant's [sic] because Defendant's [sic] have [sic] committed and continues to commit acts of infringement in violation of 15 U.S.C.

§§ 1114 and 1125, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold within the United States, in the State of Wisconsin, including in this District. The acts by Defendant's [sic] have caused injury and continue to injure Plaintiff within this District.

**RESPONSE:** Curative Connections, Inc. denies it has committed or continues to commit acts of infringement or places infringing products into the stream of commerce. The remaining allegations of Paragraph 7 of the Complaint are conclusions of law to which no response is required.

8. Upon information and belief, Defendant's [sic] derive substantial revenue from the sale of infringing products and services within this District, expects its actions to have consequences within this District, and derives substantial revenue from interstate commerce.

**RESPONSE:** Curative Connections, Inc. denies it sells infringing products or services. The remaining allegations of Paragraph 8 of the Complaint are conclusions of law to which no response is required.

9. This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and all parties reside or their principal headquarters are within different states.

**RESPONSE:** The allegations of Paragraph 9 of the Complaint are conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

10. Curative Connections entered the U.S. mental health counseling industry in 2010 by embracing innovative service concepts, catchy advertising, and straight forward marketing methods designed to expose clients to its unique mental health related services.

**RESPONSE:** Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Since 2010, Curative Connections has expended tremendous effort to meet with vendors, suppliers, other third parties to ensure that its services meet exacting standards of quality and meet clients' expectations.

**RESPONSE:** Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Curative Connections has invested substantial effort to engage with existing and prospective clients to deliver counseling, consulting and mentoring services that meet clients' expectations. Including the quality of its mental health service generally, design of the service supporting materials, speed of delivery of services and reliable client support.

**RESPONSE:** Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. By following this approach, Curative Connections' business has grown into a thriving business that provides clients Curative Connections' services. Curative Connections' services are delivered through several commercial channels which include referrals, one-on-one engagements, its own website, telephone support, podcasting, and other e-commerce channels.

**RESPONSE:** Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Curative Connections' marketing and advertising channels are well established and its trademarks have become somewhat famous and easily recognizable.

**RESPONSE:** Curative Connections, Inc. denies that Plaintiff's trademarks have become famous. Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint.

15. From its inception, Curative Connections' services and branding reflect unmistakable features throughout its marketing and advertising. These features have been used consistently throughout the course of Curative Connections' business operations.

**RESPONSE:** Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Curative Connections has several different branded services related to mental health counseling, mentoring and consulting. While each branded service in Curative Connections' portfolio is unique in its presentation with the related services, the Curative Connections trademark presents an innovative and memorable service approach, combined with well-known quality that Curative Connections has become known for; resulting in an exciting combination of desirable services that clients want.

**<u>RESPONSE</u>:** Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Curative Connections deliberatively and carefully recognized creative achievements resulting in broad intellectual property protection, including trademark registrations to protect its innovative branding and trademark rights.

**<u>RESPONSE</u>:** Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. After hard years of meticulous effort to build goodwill, trust and expose consumers to the quality services that Curative Connections has to offer, Curative Connections' competitors in the marketplace have attempted to capitalize on Curative Connections' effort by imitating Curative Connections' innovative, elegant and distinctive branding and trademark. In this case, CCI, intentionally and willfully copied Curative Connections trademark by renaming their business, publishing a website at curativeconnection.org and updating their support material to pass off their services based upon Curative Connections' trademarked services.

**<u>RESPONSE</u>:** Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 18 of the Complaint. Curative Connections, Inc. denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. By registering and using the curativeconnections.org domain name, CCI knew or should have known that Curative Connections owned the trademark for CURATIVE CONNECTIONS and with that knowledge CCI proceeded to register the domain and use the CURATIVE CONNECTIONS trademark without permission.

**<u>RESPONSE</u>:** Curative Connections, Inc. admits it registered and used the curativeconnections.org domain name. Curative Connections, Inc. denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Curative Connections is the owner of the Incontestable Standard Character CURATIVE CONNECTIONS U.S. Federal Trademark as further described in Registration No. 5,405,571 (see attached Exhibit 1) at the U.S. Patent and Trademark Office. Curative Connections adopted and commenced use of the CURATIVE CONNECTIONS mark at least as early as October 9, 2010, in connection with Class 44 services including "Consulting services in the field of health; Consulting services in the field of mental fitness; Counseling in the field of mental health and wellness; Clinical mental health counseling services; Energy healing services, namely, stress management and stress reduction counseling for individuals to enhance their lives; Mental health

counseling and psychotherapy as it relates to relationships; Providing information in the field of psychological counseling and treatment; Psychological counseling; Psychological counseling in the field of sports; Psychological counseling in the field of education; Psychological counseling in the field of trauma; Psychological counseling in the field of psychosocial development; Psychological counseling in the field of life transitions; Psychological counseling services in the field of sports; Psychotherapy and psychotherapy counseling for children and adults in individual and family sessions; Wellness and health-related consulting services."

**RESPONSE:** Curative Connections, Inc. admits that the United States Patent and Trademark Office lists Curative Connections LLC as the owner of the Registration Number 5,405,571, which is a standard character mark for "Curative Connections" and that the United States Patent and Trademark Office has accepted a declaration of incontestability for this registration. Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21. The CURATIVE CONNECTIONS trademark is incontestable and entitled to the protections under 15 U.S.C. § 1115(b).

**RESPONSE:** The allegations of Paragraph 21 of the Complaint are conclusions of law to which no response is required.

22. The CURATIVE CONNECTIONS trademark is inherently distinctive as applied to its Services. By virtue of Curative Connections' continuous use in commerce of its trademark in connection with its Services, Curative Connections' mark has become well and favorably known to the relevant trade and public. Curative Connections has invested substantial time, effort and expense in extensive promotion throughout the United States of the Services sold under its CURATIVE CONNECTIONS mark. As a result, considerable goodwill has attached to the CURATIVE CONNECTIONS mark to Curative Connections' reputation for designing and providing high quality Services and symbolized the goodwill of Curative Connections, which is invaluable.

**RESPONSE:** Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. As alleged below, CCI has made, marketing [sic] and advertised confusingly similar or essentially identical services, in many cases copying Curative Connections' prominent trademark(s) in their entirety with no indication of Curative Connections rights or any affiliation (or lack thereof) resulting in widespread copyright, trademark and trade dress infringement.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 23 of the Complaint. Further, Plaintiff has not plead any copyright or trade dress allegedly used by Curative Connections, Inc. or that is owned by Plaintiff.

24. CCI has caused and continues to cause confusion with Curative Connections' CURATIVE CONNECTIONS trademark brand in several ways including:

a. Copying the entirety of the CURATIVE CONNECTIONS standard character trademark on its URL and use of the business name CCI.

b. Placing identical or confusingly similar services into streams of commerce within the United States through a website offering, advertising, marketing, promotion [sic], affiliate marketing or other commercial means.

c. Selling the identical or confusingly similar services within the United States in direct competition with Curative Connections.

d. Causing confusion in the U.S. marketplace between existing and prospective clients that desired Curative Connections' services based upon its CURATIVE CONNECTIONS trademark and branding.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant CCI caused and continues to cause confusion with Curative Connections' CURATIVE CONNECTIONS trademark by misusing, or using without Curative Connections' permission substantially all of Curative Connections' trademark as it relates to the mental health services claimed above.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 25 of the Complaint.

## CCI MARKETPLACE CONDUCT

26. For the purposes of the Complaint, all references to a "marketplace" are limited to or only include the United States commerce and consumers within the United States.

**RESPONSE:** The allegations of Paragraph 26 of the Complaint are conclusions of law to which no response is required.

27. The marketplace is in the stream of commerce within the United States.

**RESPONSE:** It is not clear what the allegations of Paragraph 27 of the Complaint are, however, to the extent they are comprehensible they appear to be conclusions of law to which no response is required.

28. Defendant has used or continues to use the marketplace to sell infringing services. This includes activities that are conducted over the internet as well as more traditional mental health type service activities involving physical locations and one-on-one interactions with clients.

**RESPONSE:** Curative Connections, Inc. admits that it conducts activities over the internet and provides services at physical locations. Curative Connections, Inc. denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Curative Connections has demanded that CCI cease and desist from the use of Curative Connections trademarks and other intellectual property rights.

**RESPONSE:** Curative Connections, Inc. admits the allegations contained in Paragraph 29 of the Complaint.

30. For the purposes of this Complaint, CCI's marketplace interactions may operate in a several different fashions; all of which have an end result of a transaction involving Curative Connections' trademark branded services and a consumer; however, the transaction is not with Curative Connections for its branded services, nor is it authorized by Curative Connections. The most common marketplace interaction takes on the appearance of directed marketing at potential consumers by using an internet website where CCI markets and advertises a digital representation of the offending services. CCI also provides a variety of mental health related services to potential consumers, all branded and provided for under the CURATIVE CONNECTIONS trademark.

**RESPONSE:** Curative Connections, Inc. admits that it markets the services it provides as a nonprofit through an internet website and uses the name "Curative Connections." Curative Connections, Inc. denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. Another apparent major method of marketing and advertising appears to be directed at either individuals directly or directed to government contracting agencies that are responsible for providing care/supervision for mentally vulnerable or needy consumers.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant uses the internet in such a manner as to capitalize on confusion or infringement of Curative Connections' trademarked services. This behavior can present in several ways (not necessarily exclusive of each other), including: that CCI has their own website or URL, they can create a virtual online location to market/advertise confusingly similar services, provide those services and transact with confusingly similar services with a consumer.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 32 of the Complaint.

33. Recently, CCI has elevated their infringing activities by displacing Curative Connections in various online search engines, where CCI now appears as the first result in search engine results when searching for "Curative Connections" rather than Curative Connections being the first search result.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 33 of the Complaint.

34. The public information regarding registered trademark ownership is publicly available to the defendant through the United States Patent and Trademark Office.

**RESPONSE:** Curative Connections, Inc. admits that the United States Patent and Trademark Office does list an owner of a registered trademark in places such as the Trademark Status & Document Retrieval. However, the information is provided by the applicant or subsequently updated by the registrant and is not verified by the United States Patent and Trademark Office.

35. Defendant is in control of and responsible for all aspects of any given service transaction conducted on their internet website, including:

a. Control of the process for listing infringing service offerings.

b. Use of Curative Connections' trademarks.

c. Making representations about Curative Connections' services or otherwise describing their service offering.

d. Promoting or advertising the Curative Connections trademarked services within the marketplace.

e. Consummating a transaction, without authorization, of Curative Connections' trademarked services.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 33 of the Complaint.

36. As it relates to Curative Connections, after Curative Connections' continuous efforts to build brand recognition and reputation, CCI willfully decided to pass-off, knock-off, copy, infringe or counterfeit Curative Connections' trademarked service offerings and sell them in the United States marketplace.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 36 of the Complaint.

37. CCI does not have a federal [sic] registered CURATIVE CONNECTIONS trademark on file with the U.S. Patent and Trademark Office.

**RESPONSE:** Curative Connections, Inc. admits the allegations contained in Paragraph 37 of the Complaint.

38. Without investing any of the resources or innovation required in developing a strong brand identity and intellectual property portfolio, the defendant reaped substantially all the benefits of Curative Connections' investment and goodwill in the market, by unlawfully using Curative Connections' trademarks on similar or essentially identical services.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant's use of Curative Connections' trademark that infringe [sic] Curative Connections' trademark rights has and is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into thinking that the CCI's services are Curative Connections' services, or that they are sponsored by or affiliated with Curative Connections, when they are not.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 39 of the Complaint.

40. Curative Connections' goodwill among consumers is closely tied to its position as quality provider of uniquely valuable mental health services. The Defendant's flagrant, willful and relentless copying of Curative Connections' intellectual property rights in its mental health services not only allows the Defendant to benefit from Curative Connections' investment, but it also threatens to diminish the very important goodwill that Curative Connections has cultivated with its services. The value of such goodwill is evidence in part in the success that resulted from Defendant's wrongful and illegal appropriation after copying Curative Connections' trademark in whole. Essentially, CCI has made a fortune at Curative Connections' expense, by operating in parallel a business providing similar or identical services.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant does not follow Curative Connections' quality control standards, meaning their confusingly infringing conduct damages Curative Connections' trademark in ways that are hard to calculate because of potential quality of the service being less than what clients and prospective clients have come to expect.

**RESPONSE:** Curative Connections, Inc. admits that it does not follow Curative Connections' quality control standards, but denies that it is required to and denies the remaining allegations contained in Paragraph 41 of the Complaint.

42. Defendant's success in copying Curative Connections' branding, trademarks and trade dress has caused immeasurable injury to Curative Connections.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant's success in infringing Curative Connections' brands and trademarks has also caused or will cause harm or injury to Curative Connections' clients as described herein.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant intentionally chose to infringe Curative Connections' trademark rights through the use, selection and promotion of its mental health services using the CURATIVE CONNECTIONS trademark name, and it did so willfully to trade upon the goodwill that Curative Connections has developed in connection with its high-quality branded services.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 44 of the Complaint.

45. Curative Connections is informed and believes that the Defendant began misusing, promoting, selling, and marketing its infringing and copycat services within the United States after Curative Connections' first use of the CURATIVE CONNECTIONS trademark, by virtue of its business name change recorded in 2015.

**RESPONSE:** Curative Connections, Inc. admits it began using its current corporate name in 2015 after a change in name from N.E.W. Curative Rehabilitation, Inc. Curative Connections, Inc. denies the remaining allegations contained in Paragraph 45 of the Complaint.

**FIRST CAUSE OF ACTION**

**FALSE DESIGNATION OF ORIGIN**

**(Lanham Act Section 43(a), 15 U.S.C. §1125(a)**

46. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Curative Connections, Inc. realleges and incorporates by reference its preceding responses.

47. Defendant's actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant knew or constructively knew of Curative Connections' CURATIVE CONNECTIONS trademark when it created or offered its similarly related or identical services into the U.S. marketplace, and has refused to change its use in response to Curative Connections' requests and demands. Accordingly, Defendant's infringement has been and continues to be intentional, willful and without regard to Curative Connections' trademark rights.

**RESPONSE:** Curative Connections, Inc. admits that it has refused to change its use in response to Curative Connections' requests and demands and that 15 U.S.C § 1072 provides that "[r]egistration of a mark on the principal register .. . . shall be constructive notice of the registrant's claim of ownership thereof. Curative Connections, Inc. denies that constructive knowledge is relevant to a determination of intentionality, willfulness and without regard, denies that it is required to change its use, and denies the remaining allegations contained in Paragraph 48 of the Complaint.

49. As a direct and proximate result of Defendant's unlawful acts and practices, including those set forth above, Defendant's [sic] has caused, is causing, and unless immediately enjoined by this Court, will continue to cause immediate and irreparable harm to Curative Connections, for which there is no adequate remedy at law, and for which it is entitled to injunctive relief.

**<u>RESPONSE</u>:** Curative Connections, Inc. denies the allegations contained in Paragraph 49 of the Complaint.

50. Curative Connections is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the Curative Connections trademarks.

**<u>RESPONSE</u>:** Curative Connections, Inc. denies the allegations contained in Paragraph 50 of the Complaint.

51. Curative Connections also has sustained damages as a direct and proximate result of Defendant's infringement of the Curative Connections trademarks in an amount to be proven at trial.

**<u>RESPONSE</u>:** Curative Connections, Inc. denies the allegations contained in Paragraph 51 of the Complaint.

52. Because Defendant's actions have been willful, Curative Connections is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**<u>RESPONSE</u>:** Curative Connections, Inc. denies the allegations contained in Paragraph 52 of the Complaint, including that the case could be exceptional before it even answers the Complaint.

## <u>SECOND CAUSE OF ACTION</u>

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §1114)

53. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

**<u>RESPONSE</u>:** Curative Connections, Inc. realleges and incorporates by reference its preceding responses.

54. Curative Connections owns multiple federal trademark registrations for the distinctive naming of several of its service offerings. However, the CURATIVE CONNECTIONS trademark is the cornerstone of Plaintiff's rights and is a standard character incontestable federally registered trademark, providing nationwide trademark protection to Curative Connections.

**RESPONSE:** Curative Connections, Inc. admits that "Curative Connections LLC " is listed as the owner of "multiple federal trademark registrations" for services and that the United States Patent and Trademark Office has accepted a declaration of incontestability for Registration Number 5,405,571, which is a standard character mark for "Curative Connections." Curative Connections, Inc. denies that Plaintiff has nationwide trademark protection of the "Curative Connections" trademark. Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint.

55. CCI has used in commerce an identical reproduction of the CURATIVE CONNECTIONS trademark on services that are identical or similarly related to Curative Connections claimed and protects [sic] services where such use by CCI is likely to cause confusion, mistake or deceive consumers in the U.S. marketplace generally and Wisconsin specifically.

**RESPONSE:** Curative Connections, Inc. admits that it uses a CURATIVE CONNECTIONS trademark. Hever, it is unclear what "claimed and protects services" are, however, to the extent Curative Connections, Inc. can understand the remaining allegations contained in Paragraph 55 of the Complaint, it denies them.

56. CCI's service offerings have infringed the CURATIVE CONNECTIONS trademark by using identical trademark brand names in Defendant's service offerings, website or throughout the marketplace.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 56 of the Complaint.

57. Curative Connections has demanded that CCI cease and desist from using the CURATIVE CONNECTIONS trademark in any fashion, for its identical or confusingly similar services.

**RESPONSE:** Curative Connections, Inc. admits that Curative Connections has demanded that CCI cease and desist from using the CURATIVE CONNECTIONS trademark in any fashion, but denies that such use is for its identical or confusingly similar services.

58. Defendant's use of its infringing service is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of CCI with Curative Connections, or as to the origin, sponsorship, or approval by Curative Connections of CCI's goods, services or commercial activities.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 58 of the Complaint.

59. CCI's use of the infringing services enables CCI to benefit unfairly from Curative Connections' reputation and success, thereby giving CCI's infringing service sales and commercial value they would not have otherwise.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 59 of the Complaint.

60. Before CCI's first use of the infringing services, CCI was aware of Curative Connections' business and had either actual notice and knowledge, or constructive notice of, Curative Connections' registered trademark.

**RESPONSE:** Curative Connections, Inc. admits that 15 U.S.C § 1072 provides that "[r]egistration of a mark on the principal register .. . . shall be constructive notice of the registrant's claim of ownership thereof. Curative Connections, Inc. denies that constructive knowledge is relevant to a determination of intentionality, willfulness and without regard and denies the remaining allegations contained in Paragraph 60 of the Complaint.

61. CCI's unauthorized use of the infringing services is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of CCI's products and/or to cause confusion or mistake as to any affiliation, connection or association between Curative Connections and CCI, in violation of 15 U.S.C. § 1114(a).

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 61 of the Complaint.

62. Curative Connections is informed and believes, and on that basis alleges, that CCI's infringement of Curative Connections' registered trademark as described herein has been and continues to be intentional, willful and without regard to Curative Connections' rights.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 62 of the Complaint.

63. Curative Connections is informed and believes, and on that basis alleges, that CCI has gained profits by virtue of its infringement of Curative Connections' registered trademark.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 63 of the Complaint.

64. Curative Connections will suffer and is suffering irreparable harm from CCI's infringement of the CURATIVE CONNECTIONS trademark insofar as continuing infringement is eroding Curative Connections' invaluable goodwill.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 64 of the Complaint.

65. Curative Connections has no adequate remedy at law to compensate it for the loss of business reputation, clients, market position, confusion of potential clients and goodwill flowing from CCI's infringing activities. Pursuant to 15 U.S.C. § 1116, Curative Connections is entitled to an injunction against Defendant's [sic] continuing infringement of Curative Connections' registered trademark. Unless enjoined, Defendant's [sic] will continue its infringing conduct.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 65 of the Complaint.

66. Because Defendant's actions have been committed with intent to damage Curative Connections and to confuse and deceive the public, Curative Connections is entitled to treble its actual damages or CCI's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 66 of the Complaint, including that the case could be exceptional before it even answers the Complaint.

## THIRD CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT

67. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Curative Connections, Inc. realleges and incorporates by reference its preceding responses.

68. Curative Connections has prior rights in Curative Connections' registered trademarks and other unregistered marks, including CURATIVE CONNECTIONS, by virtue of use starting in October of 2010.

**RESPONSE:** It is unclear what "prior" refers to, however, to the extent it implies that Plaintiff obtained rights to "CURATIVE CONNECTIONS" before Curative Connections, Inc. in the geographic area Curative Connections, Inc. uses the mark, Curative Connections, Inc. denies the same. Curative Connections, Inc. lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Complaint.

69. CCI's service offering has infringed Curative Connections' registered trademarks and unregistered common law trademark rights by using identical or similar trademarks in CCI's services.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 69 of the Complaint.

70. CCI's use of its infringing naming convention is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of CCI with Curative Connections, or as to the origin, sponsorship, or approval by Curative Connections of CCI's goods, services or commercial activities.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 70 of the Complaint and further notes that Plaintiff has not plead any goods offered or sold by Curative Connections, Inc.

71. CCI's use of the infringing services enables CCI to benefit unfairly from Curative Connections' reputation and success, thereby giving CCI's infringing services commercial value they would not have otherwise.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 71 of the Complaint.

72. Prior to CCI's first use of the infringing materials, CCI was aware of Curative Connections' business and had either actual notice and knowledge, or constructive notice of Curative Connections' trademarks and other unregistered marks.

**RESPONSE:** Curative Connections, Inc. admits that 15 U.S.C § 1072 prides that "[r]egistration of a mark on the principal register .. . . shall be constructive notice of the registrant's claim of ownership thereof. However, this allegation is for common law trademark infringement and, therefore, Curative Connections, Inc. denies constructive notice has any relevance. Curative Connections, Inc. denies the remaining allegations contained in Paragraph 72 of the Complaint.

73. CCI's unauthorized use of the infringing services if [sic] likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of CCI's services and/or to cause confusion or mistake as to any affiliation, connection or association between Curative Connections and Defendant's [sic].

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 73 of the Complaint.

74. Curative Connections is informed and believes, and on that basis alleges, that CCI's infringement of Curative Connections' registered trademarks and unregistered marks, as described herein, has been and continues to be intentional, willful and without regard to Curative Connections' rights in its trademarks and common law marks.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 74 of the Complaint.

75. Curative Connections is informed and believes, and on that basis alleges, that CCI has gained profits by virtue of its infringement of Curative Connections' registered trademarks and unregistered common law marks.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 75 of the Complaint.

76. Curative Connections will suffer and is suffering irreparable harm from CCI's infringement of Curative Connections' registered trademarks and unregistered common law marks insofar as CCI's continuing infringement is eroding Curative Connections' invaluable

goodwill. Curative Connections has no adequate remedy at law to compensate it for the loss of business reputation, clients, market position, confusion of potential clients and goodwill flowing from the [sic] CCI's infringing activities.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 76 of the Complaint.

77. Curative Connections is entitled to an injunction against Defendant's [sic] continuing infringement of Curative Connections' registered trademarks and unregistered common law marks. Unless enjoined, Defendant's [sic] will continue its infringing conduct.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 77 of the Complaint.

78. Because CCI's actions have been committed with intent to damage Curative Connections and to confuse and deceive the public, Curative Connections is entitled to treble its actual damages or CCI's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 78 of the Complaint, including that the case could be exceptional before it even answers the Complaint.

**FOURTH CAUSE OF ACTION**

**Intentional Interference With Prospective Advantage**

79. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Curative Connections, Inc. realleges and incorporates by reference its preceding responses.

80. Defendant knew of or should have known of Plaintiff's ongoing business relationships and knew of Plaintiff's marketing efforts directed to potential clients interested in Curative Connections' services. Defendants [sic] further knew of Plaintiff's previous marketing of other similar services.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 80 of the Complaint.

81. Because of defendant's misconduct involving the marketplace, defendant intentionally interfered with plaintiff's prospective economic advantage from ongoing relationships and marketing efforts associated with Curative Connections' trademarked services.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant facilitated unfair competitive conduct by encouraging false designation infringement, trademark infringement, passing-off or unfair competition, resulting in Defendant's intentional interference with Curative Connections' prospective economic advantage from existing and ongoing relationships and marketing efforts associated with Curative Connections' services.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 82 of the Complaint.

83. As a direct result of defendants' actions and omissions, plaintiff has been damaged in an amount according to proof at trial.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 83 of the Complaint.

84. Defendants' actions were undertaken with fraud, malice or oppression, or with a conscious disregard of the rights of plaintiff, and, therefore, plaintiff is entitled to an award of exemplary and punitive damages against defendant, in an amount according to proof.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 84 of the Complaint.

85. Curative Connections will suffer and is suffering irreparable harm from Defendant's intentional interference with Curative Connections' prospective advantage as it relates to Curative Connections' registered trademarks and services insofar as Defendant's continuing misconduct is eroding Curative Connections' invaluable goodwill. Curative Connections has no adequate remedy at law to compensate it for the loss of business reputation, clients, market position, confusion of potential clients and goodwill flowing from the Defendant's misconduct.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 85 of the Complaint.

86. Curative Connections is entitled to an injunction against Defendant's continuing interference with Curative Connections' prospective advantage. Unless enjoined, Defendant's [sic] will continue its infringing conduct.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 86 of the Complaint.

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT

87. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Curative Connections, Inc. realleges and incorporates by reference its preceding responses.

88. Defendant through their wrongful conduct as described in this Complaint, has reaped substantial profits from the monies paid to them, belonging to plaintiff, and in so doing has caused plaintiff, to suffer substantial monetary losses, as well as emotional stress, reputational injury and property injury, all of which damages and costs were not only foreseeable but were the intended consequences of defendant's actions.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 88 of the Complaint.

89. As a result, Defendant has been unjustly enriched.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 89 of the Complaint.

90. Based on the facts as alleged herein and as proven at trial, in equity and good conscience, it would be unconscionable and otherwise unjust for defendant to enrich itself at the expense of plaintiff.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 90 of the Complaint.

91. Curative Connections seeks an accounting and disgorgement of all ill-gotten gains and profits resulting from the Defendants inequitable activities.

**RESPONSE:** Curative Connections, Inc. admits Plaintiff seeks this relief but denies that Plaintiff is entitled to such relief or that Curative Connections, Inc.'s gains or profits were ill-gotten or that its activities were inequitable.

92. As a proximate result of the unlawful conduct of defendant as herein alleged, plaintiff has incurred damages to be proven at trial, in at least the sum in excess of the jurisdictional amount of this Court, plus attorney's fees and costs, and additional amounts according to proof at time of trial, including interest, attorneys' fees and costs.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 92 of the Complaint.

**SIXTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

**(Violation of § 100.20 *et seq* of the Wisconsin Code)**

93. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Curative Connections, Inc. realleges and incorporates by reference its preceding responses.

94. The business practice of defendant is unlawful and fraudulent and violates the law as alleged herein. Further, defendant, knew that their business practice was unlawful and fraudulent.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 94 of the Complaint.

95. Pursuant to Sections 100.20 et. seq. of the Wisconsin Statute, unfair business practices include any unlawful, unfair or fraudulent business practice. The fraudulent and unlawful conduct of defendant as alleged herein is an unlawful and fraudulent practice within the provisions of Sections 100.20 et seq. of the Wisconsin Code, and accordingly, constitutes a violation of Sections 100.20 et seq. of the Wisconsin Code.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 95 of the Complaint.

96. The acts of Defendant described above constitute fraudulent and unlawful business practices as defined by Wisconsin Code § 100.20, et seq.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 96 of the Complaint.

97. Curative Connections has valid and protectable prior rights in the Curative Connections registered trademark. The Curative Connections trademarks are inherently distinctive, and, through Curative Connections' long use, has come to be associated solely with Curative Connections as the source of the services on which it [sic] is [sic] used.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 97 of the Complaint.

98. Defendant's use of Curative Connections [sic] registered trademark is likely to cause confusion as to the source of Defendant's service and is likely to cause others to be confused or mistaken into believing that there is a relationship between Defendant's [sic] and Curative Connections or that Defendant's services are affiliated with or sponsored by Curative Connections.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 98 of the Complaint.

99. The above-described acts and practices by Defendant's [sic] are[sic] likely to mislead or deceive the general public and therefore constitute [sic] fraudulent business practices in violation of Wisconsin Code § 100.20 et seq.

**RESPONSE:** Curative Connections, Inc. denies the allegations contained in Paragraph 99 of the Complaint.

100. The above-described acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of Wisconsin Code § 100.20 et seq.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant acted willfully and intentionally in use of infringing trademarks, with full knowledge of Curative Connections' prior rights in the distinctive Curative Connections registered trademarks, it common law trademarks, and with an intent to cause confusion or mistake or to deceive client [sic] into believing that there is an affiliation between Defendant's

[sic] and Curative Connections or between Defendant's services and Curative Connections' services.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 101 of the Complaint.

102. The unlawful and fraudulent business practices of Defendant's [sic] described above present a continuing threat to, and is meant to deceive members of, the public in that Defendant desires to promote its services by wrongfully trading on the goodwill of the Curative Connections trademark rights.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 102 of the Complaint.

103. As a direct and proximate result of these acts, Defendant has received, and will continue to profit from, the strength of the Curative Connections trademarks.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 103 of the Complaint.

104. As a direct and proximate result of Defendant's wrongful conduct, Curative Connections has been injured in fact and has lost money and profits, and such harm will continue unless Defendant [sic] acts are enjoined by the Court.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 104 of the Complaint.

105. Curative Connections has no adequate remedy at law for Defendant's continuing violation of Curative Connections' rights.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 105 of the Complaint.

106. Defendant should be required to restore to Curative Connections any and all profits earned as a result of their unlawful and fraudulent actions, or provide Curative Connections with any other restitutionary relief as the Court deems appropriate.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 106 of the Complaint.

## SEVENTH CAUSE OF ACTION

## WISCONSIN TRADEMARK INFRINGEMENT

107. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs as though fully set forth herein.

**RESPONSE**: Curative Connections, Inc. realleges and incorporates by reference its preceding responses.

108. Curative Connections has prior rights in the CURATIVE CONNECTIONS registered and unregistered trademark, by virtue of using the trademark and promoting/advertising the same to the entire U.S. marketplace starting in October of 2010.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 108 of the Complaint.

109. CCI's service offering has infringe [sic] Curative Connections' registered trademarks and unregistered trademark rights by using identical or similar trademarks in CCI's services.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 109 of the Complaint.

110. CCI's use of its infringing naming convention is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of CCI with Curative Connections, or as to the origin, sponsorship, or approval by Curative Connections of CCI's goods, services or commercial activities.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 110 of the Complaint.

111. CCI's use of the infringing services enables CCI to benefit unfairly from Curative Connections' reputation and success, thereby giving CCI's infringing services commercial value they would not have otherwise.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 111 of the Complaint.

112. Prior to CCI's first use of the infringing materials, CCI was aware of Curative Connections' business and had either actual notice and knowledge, or constructive notice of Curative Connections' trademarks and other unregistered marks.

**RESPONSE**: Curative Connections, Inc. admits that 15 U.S.C § 1072 prides that "[r]egistration of a mark on the principal register .. . . shall be constructive notice of the registrant's claim of ownership thereof. However, this allegation is for common law trademark infringement and, therefore, Curative Connections, Inc. denies constructive notice has any relevance. Curative Connections, Inc. denies the remaining allegations contained in Paragraph 112 of the Complaint.

113. CCI's unauthorized use of the infringing services is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of CCI's services and/or cause confusion or mistake as to any affiliation, connection or association between Curative Connections and Defendant's [sic].

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 113 of the Complaint.

114. Curative Connections is informed and believes, and on that basis alleges, that CCI's infringement of Curative Connections' registered trademarks and unregistered marks, as described herein, has been and continues to be intentional, willful and without regard to Curative Connections' rights in its trademarks and common law marks.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 114 of the Complaint.

115. Curative Connections is informed and believes, and on that basis alleges, that CCI has gained profits by virtue of its infringement of Curative Connections' registered trademarks and unregistered common law marks.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 115 of the Complaint.

116. Curative Connections will suffer and is suffering irreparable harm from CCI's infringement of Curative Connections' registered trademarks and unregistered common law marks insofar as CCI's continuing infringement is eroding Curative Connections' invaluable goodwill. Curative Connections has no adequate remedy at law to compensate it for the loss of business reputation, clients, market position, confusion of potential clients and goodwill flowing from the [sic] CCI's infringing activities.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 116 of the Complaint.

117. Curative Connections is entitled to an injunction against Defendant's continuing infringement of Curative Connections' registered trademarks and unregistered common law marks. Unless enjoined, Defendant's [sic] will continue its infringing conduct.

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 117 of the Complaint.

118. Because CCI's actions have been committed with intent to damage Curative Connections and to confuse and deceive the public, Curative Connections is entitled to treble its actual damages or CCI's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

**RESPONSE**: Curative Connections, Inc. denies the allegations contained in Paragraph 118 of the Complaint, including that the case could be exceptional before it even answers the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, as more fully set forth below.

1. A judgment that Defendant has infringed one or more of Curative Connections' trademarks;

2. An order preliminarily and permanently enjoining Defendant and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the Curative Connections registered trademarks, unregistered common law trademarks, or using any other product or designations similar to or likely to cause confusion with the Curative Connections registered trademarks, and unregistered common law trademarks; from passing off Defendant's services as being associated with and or sponsored or affiliated with Curative Connections; from committing any other unfair business practices directed toward obtaining for themselves the business and clients of Curative Connections; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Curative Connections.

3. Actual damages suffered by Curative Connections as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authoried by law;

4. Reasonable funds for future corrective advertising;

5. An accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

6. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

7. Punitive damages pursuant to Wisconsin Civil Code §895.043;

8. Restitutionary relief against Defendants and in favor or Curative Connections, including disgorgement of wrongfully obtained profits and any other appropriate relief;

9. Costs of suit and reasonable attorneys' fees, including, but not limited to, a finding that this case is exceptional and awarding attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

10. Any other remedy to which Curative Connections may be entitled, including all remedies provided for in 15 U.S.C. § 1117 and under any other Wisconsin law.

**RESPONSE**: Curative Connections, Inc. denies that Plaintiff is entitled to any relief whatsoever and requests that the Complaint be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

Defendant Curative Connections, Inc., by and through its attorneys, Godfrey & Kahn, S.C., asserts the following affirmative defenses without prejudice to the denials of the allegations contained in the foregoing answers to Plaintiff's Compliant and without waiving Plaintiff's obligation to prove every factual element of its claims against Curative Connections, Inc. In support thereof, Curative Connections, Inc. states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

Plaintiff's claims are barred, in whole or in part, because Defendant's use of its name, marks, branding, services, trade channels, customer base, marketing, geographic presence, and

overall commercial presentation are not likely to cause confusion among reasonably prudent consumers.

**THIRD AFFIRMATIVE DEFENSE**
**(Prior and Continuous Use / Limited Area Defense)**

Upon information and belief, Defendant adopted and continuously used the name CURATIVE CONNECTIONS and related designations in Wisconsin and other territories prior to Plaintiff's federal registration and/or prior to Plaintiff's entry into those markets. Accordingly, Defendant is entitled to all protections afforded under 15 U.S.C. § 1115(b)(5) and applicable common law.

**FOURTH AFFIRMATIVE DEFENSE**
**(Good Faith Adoption)**

Defendant adopted and used its corporate name and related designations in good faith and without intent to trade upon Plaintiff's goodwill, deceive consumers, or infringe any valid trademark rights of Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. Plaintiff unreasonably delayed in asserting its claims despite actual or constructive knowledge of Defendant's activities, and Defendant has been materially prejudiced by such delay.

**SIXTH AFFIRMATIVE DEFENSE**
**(Acquiescence)**

Plaintiff, through its conduct, representations, omissions, delay, and failure to timely object, acquiesced in Defendant's use of the challenged name and marks, thereby barring or limiting the relief sought.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Plaintiff's claims are barred by equitable estoppel because Plaintiff's conduct reasonably led Defendant to believe that Plaintiff would not challenge Defendant's use of its name and branding, and Defendant relied upon such conduct to its detriment.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Waiver)**

Plaintiff has waived, in whole or in part, the claims and remedies asserted in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands because Plaintiff engaged in conduct rendering equitable relief inappropriate.

**TENTHAFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiff failed to take reasonable steps to mitigate any damages allegedly sustained.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Speculative Damages)**

Plaintiff's alleged damages are speculative, remote, unsupported, and not recoverable as a matter of law.

**TWELFTH AFFIRMATIVE DEFENSE**
**(No Willfulness)**

Defendant acted at all times in good faith and without willfulness, malice, fraud, oppression, intent to deceive, or intent to infringe. Accordingly, Plaintiff is not entitled to enhanced damages, treble damages, punitive damages, disgorgement, or attorneys' fees.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Unjust Enrichment)**

Defendant has not been unjustly enriched. Any revenues earned by Defendant were derived from its own efforts, reputation, services, goodwill, and lawful business activities.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Preemption and Duplicative Claims)**

Plaintiff's state-law claims are barred or limited to the extent they are duplicative of, preempted by, or coextensive with Plaintiff's federal trademark claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Invalidity)**

Plaintiff's claims are barred or limited because it does not have valid trademark rights because its trademarks are invalid.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Fraud)**

Plaintiff's federal claims are barred or limited because it does not have valid registered trademark rights because, upon information and belief, it committed fraud on the United States Patent and Trademark Office.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Additional Defenses)**

Defendant presently lacks sufficient knowledge or information upon which to form a belief as to whether additional affirmative defenses may exist. Defendant therefore reserves the right to assert additional defenses as they become known through discovery and investigation.

WHEREFORE, Defendant Curative Connections, Inc. respectfully requests that the Court dismiss the Complaint with prejudice and award its costs, together with all other appropriate relief.

**JURY DEMAND**

Curative Connections, Inc. demands a trial by jury on all issues so triable.

Dated this 3rd day of June, 2026.

GODFREY & KAHN, S.C.

By: s/ Jonathan T. Smies
Jonathan T. Smies
State Bar No. 1045422
Shane Delsman
State Bar No. 1064765

*Attorneys for Defendant, Curative Connections, Inc.*

P.O. ADDRESS:
200 South Washington Street, Suite 100
Green Bay, WI 54301-4298
Phone: 920-432-9300
Fax: 920-436-7988
jsmies@gklaw.com

38417027.4